BENJAMIN B. WAGNER
United States Attorney
PHILIP FERRARI
ANDRE ESPINOSA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR S 10-305 MCE |
|---|---|
| Plaintiff, | UNOPPOSED MOTION TO DISMISS and ORDER |
| v. | |
| SIAVASH POURSARTIP, and SARA SHIRAZI, | DATE: November 5, 2015<br>TIME: 9:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

The indictment in this case was returned on July 29, 2010, and it charged Clint Gregory, Siavash Poursartip and Sara Shirazi with engaging in a scheme to defraud Caltrans, and with providing and accepting bribes. Specifically, the indictment alleges that Poursartip and Shirazi conspired to provide bribes to Gregory, who was employed as a Senior Electrical Engineer at Caltrans. It alleges that Gregory accepted those bribes, and that all three defendants worked together to manipulate the State's contract bidding process to wrongfully benefit Poursartip and Shirazi's business, Infotek Associates. Counts One through Seven charge all three defendants with mail fraud, in violation of 18 U.S.C. § 1341. Defendants Poursartip and Shirazi are also charged in Count Eight with conspiring to commit bribery in violation of 18 U.S.C. §§ 371 and 666(a)(2), and in Count Nine with committing bribery, in violation of 18 U.S.C. § 666(a)(2).

///

GOVERNMENT'S MOTION TO DISMISS      1

1   Almost a year before the case was indicted, defendant Gregory became aware of the
2 investigation and informed the government that he wished to cooperate.  He submitted to multiple
3 interviews with law enforcement.  During these interviews, he discussed three payments evidenced in
4 bank records from Poursartip and/or Shirazi to accounts held in the names of fictitious entities Gregory
5 created.  He stated that these payments were bribes.  He said the payments were the subject of
6 negotiation between himself and Poursartip, and that their purpose was to keep him happy and ensure
7 continued business for Infotek with Caltrans.  These payments are listed as bribes in Count Eight.
8   Following the return of the indictment and Gregory's entry of a guilty plea, he was interviewed
9 on additional occasions, and he consistently stated that the three payments were bribes.  On Wednesday,
10 October 21, during preparation for the jury trial scheduled to commence on November 9, 2015, the
11 government again met with Gregory.  During this meeting, he was questioned aggressively concerning
12 the three alleged bribe payments.  He conceded that in fact there was no reason for his co-defendants to
13 know that the payments they made were going to Gregory, as opposed to the fictitious companies to
14 which the checks were written.  He further conceded that his earlier statements regarding purported
15 discussions with his co-defendants about the bribe payments were not accurate.  In sum, he conceded
16 that these payments were not bribes.
17   In light of the foregoing, the government will not use Gregory as a witness at trial.  His
18 statements render Counts Eight and Nine of the indictment unsustainable.  They also have an impact on
19 the charged mail fraud counts.  The bribery allegations are specifically set forth in the description of the
20 manner and means of the scheme, and they provided relevant evidence concerning the issue of intent.  In
21 addition, before the case was indicted it was anticipated that Gregory's testimony would be part of the
22 government's presentation of its case.  The absence of that testimony necessarily alters the government's
23 case for trial.
24   Since the developments described above, the government has re-evaluated both the strength and
25 nature of this case as a whole.  The absence of the bribery allegations mean that what was once a public
26 corruption case is now limited to an alleged scheme concerning state contracting procedures and
27 resulting in uncertain losses to the State.
28 ///

GOVERNMENT'S MOTION TO DISMISS     2

This current view of the case fails to implicate a federal interest sufficient to justify the expenditure of resources necessary to try this case and engage in associated litigation.

In light of the foregoing, and pursuant to Federal Rule of Criminal Procedure 48(a), the government exercises its discretion to request that the Court dismiss Counts One through Seven, insofar as they are alleged against defendants Poursartip and Shirazi, and Counts Eight and Nine in their entirety.  Counsel for defendants Poursartip and Shirazi do not oppose this motion.

Dated:  October 27, 2015

BENJAMIN B. WAGNER
United States Attorney

By:  /s/ PHILIP FERRARI
PHILIP FERRARI
Assistant United States Attorney

O R D E R

For the reasons stated above, it is hereby ORDERED that pursuant to Fed.R.Crim.P. 48(a), Counts One through Nine are hereby dismissed as against defendants Poursartip and Shirazi.  The hearing currently set for November 5, 2015, and the jury trial currently set for November 9, 2015, are vacated.

IT IS SO ORDERED.

DATED:  October 28, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT